Samuels, J.
The counsel for the plaintiff in the argument here, properly omitted to rely on the error assigned, because the Circuit court refused to quash the second count in the indictment. The motion to quash was probably made because of some supposed imperfection in the record of the examining court, or of some supposed variance between that record and the said second count of the indictment. On inspection of that record, it plainly appears that the County court did examine into the criminal fact alleged in said second count.
The counsel also properly omitted to rely on the error assigned, because of the disqualification of the juror Hundley, by his opinion in regard to the case he was to try. He had not expressed his opinion ; it was merely hypothetical, depending upon facts of the truth of which he had formed no opinion; he wTas moreover indifferent between the commonwealth and the prisoner.
No objection was made or can be made to the ruling of the court or the finding of the jury in regard to the entry into the house in the day time, with intent to commit larceny. It was said, however, that the only remaining constituent part of the offence, the breaking, did not take place, and thus the offence is incomplete.
The word “ break,” used in.the statute, is borrowed from the law in regard to burglary, and is therefore to be understood as it would be when used in a charge of burglary.
If then, in any case, a party shall by even slight force remove or displace any thing attached to the house as part thereof, and relied upon by the occupant for safety of the house, it is housebreaking within the *646 meaning of the statute, if the other constituent parts of the offence exist.
In our case, the door through which the entry was made, was not fastened by any lock, latch or bar, nothing of the kind being there. The door fitted closely within the casing, and when closed some degree of force was required to open it; this was its only fastening. The Circuit court ruled that the opening of the closed door thus fastened was a breaking within the statute, and the j ury found accordingly. The decision of the court is sustained by adjudged cases.
In Regina v. Bird, 9 Car. & Payne 44, 38 Eng. C. L. R. 29, the glass of a window had been cut, but every portion of the glass remained in its place until the prisoner pushed it in. This was held to be a breaking.
In Regina v. Hyams and others, 7 Car. & Payne 441, the raising of a window not fastened though it had a hasp by which it might have been fastened, was held to be a breaking.
Lifting up the flap of a cellar which is kept down by its own weight, has been held, after some difference of opinion, to be a breaking. 2 Arch. Cr. Pl. & Ev. 336, Waterman’s notes. These and other cases of like kind indicate the rule in our case. The judgment should be affirmed.
A question is made as to what costs of the commonwealth, if any, shall be taxed and charged against the prisoner in this case and in this court. This question was decided by this court in the case of Anglea, &c. v. Commonwealth, 10 Gratt. 696, so far as it arises upon a taxation of costs upon a conviction of felony in a Circuit court. It was held in that case that the ordinary fees of the clerk, sheriff and attorney for the commonwealth for services in court on behalf of the commonwealth, were not to be taxed or paid by the prisoner. The several statutes referred to in the opinion in that case seem to require the *647 same decision in this case in this court. This is in conformity with the practice under the law existing since the revisal of 1819, as administered in the late General court, and in this court since it succeeded to the jurisdiction of the General court. If a change had been intended by the Code of 1849, it would have been so declared. This Code is a revision of former laws, and should be construed in reference to them in every case, unless it appears that a change was intended. I am of opinion that no fee of the clerk or of the attorney general for services rendered to the commonwealth, is to be charged to the plaintiff.
The other judges concurred in the opinion of Samuels, J.
Judgment affirmed.